**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| QFS TRANSPORTATION, LLC, | : | Case No. 1:21-cv-92 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| ESTRADA TRANSPORT GROUP, INC., et al., | : | |
| | : | |
| Defendants. | : | |

---

**ORDER DENYING DEFENDANT KNIGHT EXPRESS, INC.'S MOTION FOR**
**SUMMARY JUDGMENT (Doc. 33)**

---

This matter is before the Court on Defendant Knight Express Inc.'s ("Knight's") Motion for Summary Judgment (Doc. 33). Plaintiff filed a response to the motion (Doc. 38.) Defendant seeks to defer the filing of its reply until after scheduled depositions (Doc. 41.) This matter is therefore ripe for review. For the reasons below, Defendant's Motion for Summary Judgment is **DENIED WITHOUT PREJUDICE** as premature.

Plaintiff QFS Transportation, LLC "is a federally-registered Motor Carrier that provides" logistics services, transportation, and freight forwarding services. (Am. Compl., Doc. 16, ¶ 17.) It often uses independent contractors to provide these services. (*Id.* ¶ 18.) Plaintiff and Defendants Javier Estrada, Jr. and Estrada Transport Group, Inc. ("ETG") (collectively, the "Estrada Defendants") agreed that Estrada would be an exclusive independent contractor for Plaintiff. (*Id.* at 222.) Plaintiff alleges that Estrada secretly formed Knight, a rival motor carrier, in violation of their agreement. (*Id.* at 226.)

Plaintiff sued the Estrada Defendants and Knight, claiming breach of contract, unjust enrichment, tortious interference, violations of Ohio's Deceptive Trade Practices Act, and violations of the Lanham Act. (Am. Compl., Doc. 16, Pg. ID 227-235.) Plaintiff alleges that Estrada failed to pay contractually obligated payments, formed Knight to compete with Plaintiff, and diverted business from Plaintiff to Knight while he was Plaintiff's agent. (*Id*.) Plaintiff dismissed the Estrada Defendants from the suit (*see* Notice, Doc. 21), leaving Knight as the sole remaining defendant.

Later, the parties agreed to an Amended Calendar Order, which set the dispositive motion deadline for January 24, 2024. (*See* Second Am. Calendar Order, Doc. 27.) The deadline passed, and no dispositive motions were filed. Thus, this Court ordered the Parties to file a joint status report by February 21, 2024. (02/12/2024 Notation Order.) The Parties then jointly moved to amend the Calendar Order, requesting a June 28, 2024, deadline for discovery and a July 31, 2025, deadline for dispositive motions. (Joint Motion to Amend, Doc. 32.) This Court granted the motion and amended the Calendar Order accordingly. (02/22/24 Notation Order.) Knight then moved for summary judgment on March 4, 2024. (Motion for Summary Judgment, Doc. 33.)

A motion for summary judgment should be granted if the evidence submitted to the Court shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party to show that no genuine issue of material fact exists, *Celotex*, 477 U.S. at 323, and a court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to

2

the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must "afford the parties adequate time for discovery, considering the circumstances of the case," before ruling on a motion for summary judgment. *Crouch v. Honeywell Int'l., Inc.*, 720 F.3d 333, 338 (6th Cir. 2013) (citation omitted).

Knight argues that summary judgment is appropriate because it does not have any contractual relationship, and has every right to compete, with Plaintiff. (Motion for Summary Judgment, Doc. 33, Pg. ID 384.) It supports this argument with an affidavit from Claudia Zambrano, the owner of Knight, who denies forming the company to compete with Plaintiff. (*Id.* at 387-88.)

Plaintiff contends that a factual dispute concerning Knight's conduct and its affiliation with the Estrada Defendants remains. (Response, Doc. 38, Pg. ID 417-418.) It points to Zambrano's romantic involvement with Estrada when she formed Knight. (*Id.* at ID 415.) It adds that Knight had a truck with Plaintiff's placard on it, serviced many of Plaintiff's customers, and employed at least one of the drivers that the Estrada Defendants used while working with Plaintiff. (*Id.*) Plaintiff also argues that Knight's Motion is premature because the parties have scheduled depositions and the discovery deadline has not yet expired. (*Id.*)

The Court finds that Knight's Motion for Summary Judgment is premature. Federal Rule of Civil Procedure 56 does not require a movant for summary judgment to wait until the close of discovery, but it does require "adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(b), (c); *Alford v. Beechmont II Leasing Co., LLC*, No. 1:23-cv-63, 2024 WL 232294, at *1-2 (S.D. Ohio, Jan. 22, 2024)

(denying as premature a summary judgment motion filed before the end of discovery).

Plaintiff's claims against Knight raise factual issues that are more appropriately resolved after discovery has concluded. Knight relies on Zambrano's affidavit to show a lack of factual dispute (Motion, Doc. 33, Pg. ID 384), but her statements about Knight's connection with the Estrada Defendants and Plaintiff's business conflict with the allegations in the Amended Complaint. (*Compare* Am. Compl., Doc. 16, ¶¶ 74-99 *with* Motion for Summary Judgment, Doc. 33, Pg. ID 386-88.) It is ostensibly because of this conflict that Plaintiff will take Zambrano's deposition, which was scheduled for April 12, 2024. (*See* Doc. 42.) Plaintiff provided evidence that one of Knight's trucks had Plaintiff's placard on it, and it contends that it needs more discovery from the Estrada Defendants. (*See* Response, Doc. 38, Pg. ID 420, 424-28.)

The Court notes that Knight moved for summary judgment nearly two weeks after it jointly moved to extend the deadline for discovery to June 28, 2024. Knight also acknowledges the scheduled deposition of Claudia Zambrano and seeks to delay its reply until the deposition is taken. (Doc. 41, Pg. ID 438.) Given the circumstances, it is premature to decide these factual issues before the close of discovery.

For these reasons, Defendant Knight's Motion for Summary Judgment (Doc. 33) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND