IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| QFS TRANSPORTATION, LLC, | Case No. 1:21-cv-92 |
| Plaintiff, | Judge Matthew W. McFarland |
| v. | |
| ESTRADA TRANSPORT GROUP, INC., et al., | |
| Defendants. | |

## ORDER AND OPINION

This matter is before the Court on Defendant Knight Express Inc.'s Objection (Doc. 67) to Magistrate Judge Karen L. Litkovitz's Order Granting Plaintiff's Motion for Attorneys' Fees (Doc. 66). In the Order, Magistrate Judge Litkovitz granted Plaintiff $15,756.00 in attorneys' fees arising from a discovery dispute between Plaintiff and Defendant Knight Express. (*See* Doc. 66.) Defendant Knight Express filed an Objection to the Order (Doc. 67), and Plaintiff filed a Response to the Objection (Doc. 68). Thus, this matter is ripe for the Court's review. For the following reasons, the Court **OVERRULES** Defendant's Objection (Doc. 67) and **ADOPTS** the Magistrate Judge's Order (Doc. 66).

## BACKGROUND

For the past year, Plaintiff and Defendant Knight Express have been engaged in a lengthy discovery dispute involving documents that Plaintiff requested, and that Defendant Knight Express failed to produce. (Magistrate Judge's Order, Doc. 66, Pg. ID

708-09.) After repeated attempts to request these documents, Plaintiff filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37(e); this Motion included a request for an award of attorneys' fees and costs associated with the discovery dispute. (*Id.* at Pg. ID 709; *see also* Motion for Sanctions, Doc. 51.) The Magistrate Judge granted this Motion, including the award of fees and costs. (*See* Order, Doc. 62.) Plaintiff then filed its Statement of Attorneys' Fees (Doc. 63), which detailed the fees and costs incurred. The Magistrate Judge, after reviewing this Statement, granted Plaintiff an award of attorneys' fees in the amount of $15,756.00. Defendant Knight Express now objects to this award.

## LAW AND ANALYSIS

When a party files timely objections to a magistrate judge's non-dispositive order, such as a discovery ruling, the district court "must consider [the] timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Brahmamdam v. TriHealth, Inc.*, No. 1:19-CV-152, 2021 WL 4260418, at *1 (S.D. Ohio Sept. 20, 2021). "A decision is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed,' or where the magistrate judge improperly applies the law or employs an erroneous legal standard." *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, 737 F. Supp. 3d 611, 615 (E.D. Mich. 2024) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948); *Beck v. Haik*, 377 F.3d 624, 636 (6th Cir. 2004)).

The Order acknowledged that "there is a split of authority within this District as to whether a party whose conduct necessitated a motion to compel should be required to

pay the movant's reasonable expenses incurred in the extrajudicial efforts to resolve the discovery dispute before the motion was filed." (Order, Doc. 66, Pg. ID 714 (citing *J4 Promotions, Inc. v. Splash Dogs, LLC,* No. 2:09-cv-136, 2010 WL 2162901, at *3 (S.D. Ohio May 25, 2010)).) The Magistrate Judge pointed both to cases in which the court granted such fees, and also cases where the court denied recovery of fees related to a movant's informal attempts to resolve a discovery dispute. (*Id.* (collecting cases).) Nevertheless, the Magistrate Judge, persuaded by the cases that granted fees, concluded that "extrajudicial efforts are required" under Federal Rule of Civil Procedure 37(a) and the Local Rules, and "consistent with Rule 37(a)'s underlying purpose of encouraging resolution of discovery disputes without unnecessary court intervention." (*Id.*) Accordingly, the Magistrate Judge granted fees to Plaintiff for the extrajudicial work. (*Id.*)

In its Objection, Defendant Knight Express admits that it does not cite any case law in opposing the Order, recognizing instead that the Magistrate Judge reviewed the relevant case law and acknowledged the split of authority in this District. (Objection, Doc. 67, Pg. ID 719.) Indeed, Defendant's issue with the Order is the Magistrate Judge's choice to follow those cases within the District that have awarded fees for extrajudicial work in discovery disputes. (*Id.*) But, beyond identifying the split and arguing that the Court should have ruled the other way, Defendant provides no case law or additional arguments to support its contention that the Magistrate Judge's ruling was incorrect. (*Id.*) In fact, as Plaintiff points out, Defendant fails to acknowledge the standard of review for a Magistrate Judge's non-dispositive ruling. (*See* Response, Doc. 68, Pg. ID 722.) Put simply, Defendant has not shown why the Magistrate Judge's Order is clearly erroneous

or contrary to law. Rather, the Court finds that the Magistrate Judge properly relied on relevant law, and "[w]here there are two plausible views, a decision cannot be clearly erroneous." *Johnson v. City of Memphis*, Nos. 00-2608-STA-tmp, 04-2017-BBD-tmp, 2012 WL 423597, at *2 (W.D. Tenn. Feb. 8, 2012) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985)).)

Nevertheless, Defendant asks that "any claim for attorney fees be held in abeyance until this case can be tried on the merits to determine if there is any liability." (Objection, Doc. 67, Pg. ID 720.) Yet, as Plaintiff notes, Defendant again cites no legal basis for doing so. (Response, Doc. 68, Pg. ID 723.) Instead, Plaintiff points out that, "if a sanctioned party could unilaterally refuse to pay until after the merits of the case were finally resolved, the deterrent and cost-shifting policies would be eroded or eliminated." (*Id.* (quoting *Huizinga v. Genzink Steel Supply & Welding Co.*, No. 1:10-CV-223, 2012 WL 13018642, at *1 (W.D. Mich. June 12, 2012)).) The Court agrees. There is no case law that Defendant cites to support its request for an abeyance; rather, doing so would thwart the deterrent purpose of the sanctions and fees.

Accordingly, for the foregoing reasons, the Court finds that Defendant's Objection (Doc. 67) is not well-taken; the Objection is thus **OVERRULED**. The Magistrate Judge's Order (Doc. 66) is **ADOPTED** in its entirety.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: /s/ Matthew W. McFarland
_____
JUDGE MATTHEW W. McFARLAND